```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED STATES OF AMERICA    )
                            )
                            )
     v.                     )    No. 16 CV 6579
                            )
                            )
WAYNE GALL                  )
                            )

**ORDER**

In 1996, Wayne Gall ("Gall") was charged with several federal crimes, including multiple counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, in connection with two robberies of tractor-trailers carrying shipments in interstate commerce. *See United States v. Gall*, 116 F.3d 228, 229 (7th Cir. 1997). Based on his use of a firearm in connection with the crimes, he was also charged with carrying a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(3). Gall pleaded guilty and was sentenced by Judge Suzanne Conlon to 235 months' imprisonment for the robberies and other offenses, and an additional 60 months' imprisonment to run consecutively for the § 924(c) violation. He now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence for the § 924(c)(3) violation. The motion is denied.

Section 924(c)(3) defines "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Prong (A) of the definition is commonly referred to as the provision's "elements" clause (or "force" clause) and prong (B) is referred to as the "residual" clause.

Gall argues that § 924(c)(3)'s residual clause is unconstitutionally vague in light of the Supreme Court's recent decision *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the Court held that the similarly-worded residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was void for vagueness. *Johnson*, 135 S. Ct. at 2257. Gall is correct: shortly after the parties completed briefing on the instant motion, the Seventh Circuit held that *Johnson* rendered § 924(c)(3)'s residual provision unconstitutional. *See United States v. Cardena*, No. 12-3680, 2016 WL 6819696, at *25 (7th Cir. Nov. 18, 2016).

Gall is not entitled to relief, however, because his § 924(c)(3) conviction can be sustained under the elements clause. Gall disputes this, but his argument fails for two reasons. First, the argument is untimely. Section 2255 has a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The instant

2

motion comes nearly twenty years after Gall pleaded guilty to the offense. Gall notes that *Johnson* has been held to apply retroactively in cases under collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). But since *Johnson* applies only to § 924(c)'s residual clause, it does not excuse Gall's failure to raise his argument as to the elements clause. *See, e.g.*, *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) ("*Johnson* does not have anything to do with the elements clause . . . , and § 2255(f)(3) therefore does not afford prisoners a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction."). Gall also appears to invoke the "actual innocence" exception to § 2255's statute of limitations, asserting that in light of *Johnson* he is now actually innocent of the § 924(c)(3) offense. Again, however, *Johnson* at most shows his innocence only with respect to the residual clause, not the elements clause.

Gall's argument that his § 924(c)(3) conviction cannot be sustained under the elements clause also fails on the merits. Gall contends that the predicate offense for his § 924(c)(3) conviction -- Hobbs Act robbery -- does not qualify as a "crime of violence" within the meaning of the provision. He correctly notes that courts use the so-called "categorical approach" in determining whether a predicate offense qualifies as a "crime of

3

violence" under § 924(c)(3). *See, e.g.*, *United States v. Cardena*, No. 12-3680, 2016 WL 6819696, at *25 (7th Cir. Nov. 18, 2016). This approach requires courts to look "only to the statutory elements of the offense and not to the particular facts underlying the offense." *United States v. Coleman*, No. 14-CR-664, 2016 WL 1435696, at *2 (N.D. Ill. Apr. 12, 2016) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). Further, under the categorical approach, a "crime may only serve as a predicate offense for the [elements] clause if the conduct that it encompasses does not exceed the conceivable scope of the [elements] clause." *Id*.

According to Gall, the conduct encompassed by Hobbs Act robbery exceeds the scope of the elements clause. He points out that while the elements clause requires the use or threatened use of physical force, the Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person ... by means of actual or threatened force, or violence, *or fear of injury* ... to his person or property." 18 U.S.C. § 1951(b)(1) (emphasis added). Gall argues that Hobbs Act robbery may be accomplished by creating the mere "fear of injury" and thus, unlike the elements clause, need not involve the use or threat of physical force.

This argument has been presented to numerous courts and has been consistently rejected. *See, e.g.*, *United States v. Hill*,

832 F.3d 135, 137 (2d Cir. 2016) ("We ... hold that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)."); *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *United States v. Bennett*, No. 3:15CR134, 2016 WL 354753, at *4 & n. 6 (E.D. Va. Jan. 27, 2016) (collecting cases). As the court observed in *Coleman*, "the numerous recent cases applying section 924 to Hobbs Act robbery have unanimously held that Hobbs Act robbery is a crime of violence under the [elements] clause because 'fear of injury,' as that phrase is used in the statute, may only be created through the use or threatened use of physical force." *Coleman*, 2016 WL 1435696, at *2. I agree.

In short, while *Johnson* rendered § 924(c)(3)'s residual provision unconstitutional, Gall's conviction remains valid under the provision's elements clause. Gall's challenge on the latter point is both untimely and fails on the merits. Accordingly, his motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: December 13, 2016

5